UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KMG INTERNATIONAL, BV,

    Plaintiff,

v.                                        Case No: 8:19-cv-333-T-02SPF

FUN LIGHT AMUSEMENTS, SRO,
CONFOLDING GROUP, SRO and
ALAN FERGUSON,

    Defendants.
_____/

## **ORDER**

Before the Court is Alan Ferguson's ("Defendant") motion to compel non-parties Peter Theunisz, Albert Lousito Phillipus Kroon, and Lousito Johanees Eusebio to "personally under oath in front of notary public, signed and dated, give sworn answers and testify to the first set of interrogatories, the first request for productions of documents, and the first request for admission" that were sent by Defendant to Plaintiff KMG International, BV's attorney ("Motion") (Doc. 48). Upon consideration, Defendant's Motion is denied.

As an initial matter, "[t]his Court expects the parties that come before it to comply with the Local Rules of the Middle District of Florida." *Shallenburg v. PNC Bank*, N.A., No. 8:16-CV-810-T-33JSS, 2016 WL 8999084, at *1 (M.D. Fla. May 16, 2016). The Local

Rules[1] apply equally to litigants who represent themselves. *Badger Auctioneers, Inc. v. Ali*, No. 616CV572ORL31TBS, 2016 WL 9383323, at *1 (M.D. Fla. June 30, 2016); *Stagl v. Gromicko*, No. 3:07–cv–967–J–32TEM, 2007 WL 4097759, at *1 (Nov. 16, 2007) ("a *pro se* litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and the Local Rules of the Middle District of Florida."). Local Rule 3.01(g) generally requires that "[b]efore filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." The term "counsel" as used in Rule 3.01(g) includes *pro se* litigants acting as their own counsel, thus requiring *pro se* movants to file Rule 3.01(g) certificates. *See Chambers v. Sygma Network, Inc.*, No. 6:12-CV-1802-ORL-37, 2013 WL 1775046, at *4 (M.D. Fla. Apr. 25, 2013). A violation of Local Rule 3.01(g) constitutes sufficient grounds to deny the motion. *Judkins v. Bloomen Int'l, Inc.*, No. 809-CV-02538-T-17TBM, 2010 WL 2510665, at *2 (M.D. Fla. June 21, 2010).

Nevertheless, Defendant's motion is due to be denied on the merits. Interrogatories, requests for production and requests for admissions may only be sought from another party to the action. *See, e.g.* Fed. R. Civ. P. 33(a)(1) ("[A] party may serve on a*ny other party* no more than 25 written interrogatories. . . ") (emphasis added); Fed. R.

---

[1] The Local Rule for the Middle District of Florida are available at
https://www.flmd.uscourts.gov/local-rules

Civ. P. 34(a)("A party may serve on *any other party* a request [for production]. . .") (emphasis added); Fed. R. Civ. P. 36(a)(1)(" A party may serve on *any other party* a written request to admit . . .") (emphasis added). There exists no requirement that a non-party must sign or give sworn answers to interrogatories, requests for production or requests for admissions. Rather, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" and "[t]he person who makes the answers must sign them." Fed. R. Civ. P. 33(b)(3) and (5). Plaintiff may designate any officer or agent to answer or sign the answers to the interrogatories. Fed R. Civ. P. 33(b)(1)(B); *see Chatman v. Nat'l R.R. Passenger Corp.*, 246 F.R.D. 695, 700 (M.D. Fla. 2007) ("The rule simply requires a corporate party to designate an agent to answer and sign the interrogatory responses."). With respect to requests for production and admissions, the responses need only be signed by Plaintiff's attorney. *See* Fed. R. Civ. P. 26(g).

Accordingly, Defendant's Motion (Doc. 48) is denied.

ORDERED in Tampa, Florida on October 24, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE