UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KMG INTERNATIONAL, BV,
a foreign corporation,

    Plaintiff,

v.                                  Case No: 8:19-cv-333-T-02SPF

FUN LIGHT AMUSEMENTS, SRO, a
foreign corporation, CONFOLDING GROUP,
SRO, a foreign corporation, and ALAN
FERGUSON, an individual,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION**

    This matter comes to the Court on Plaintiff KMG International's Motion for Summary Judgment, Dkt. 55, as to Counts I, II, and III of Plaintiff's Complaint against Defendant Alan Ferguson. Mr. Ferguson filed a response. Dkt. 59. With the benefit of full briefing, the Court grants Plaintiff's Motion for Summary Judgment.

**Background**

    From February 5 to February 8, 2019, Mr. Ferguson allegedly distributed brochures at an international trade show in Florida featuring an amusement park ride that KMG argues was confusingly similar to KMG's "Freak Out" amusement ride. Dkt. 55 at 1–2; Dkt 55-1 at 2. On February 7, 2019, KMG brought an action for

claims of unfair competition under the Lanham Act, unfair competition under common law, unfair trade practices under Florida law, and patent infringement, against Fun Light Amusements, Confolding Group, and their representative, Mr. Ferguson. Dkt. 1 at 1.[1] Fun Light and Confolding Group have since settled. Dkt. 43 at 1; Dkt. 55 at 2.

On March 1, 2019, Mr. Ferguson answered KMG's Complaint, alleging among other things that he had reached some form of verbal agreement with a KMG representative allowing him to sell the disputed ride. Dkt. 15 at 4–5. Then, on June 6, 2020, Mr. Ferguson filed his Motion to Dismiss KMG's Complaint in which he stated that he "reserves the right to display these materials at other events or over the media" based on an alleged "grandfather clause." Dkt. 34 at 9.

On June 11, 2020, KMG moved for summary judgment seeking only to enjoin Mr. Ferguson from distributing brochures of any confusingly similar knockoff versions of KMG's "Freak Out" ride at future USA trade shows. KMG argues that the undisputed record demonstrates both Mr. Ferguson's liability under the Lanham act and his unwillingness to cooperate. Dkt. 55 at 2–4. As such, KMG argues that it is entitled to injunctive relief. *Id.* Mr. Ferguson nevertheless responds by reiterating his alleged verbal agreement with KMG. Dkt. 59 at 6.

---

[1] The two very similar fun ride machines can be seen at Dkt. 55-1 at 2. The Plaintiff's machine is covered by a U.S. Patent issued in 2005. Dkts. 1-3, 1-4

## Legal Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996). "A fact is 'material' if it has the potential of 'affect[ing] the outcome of the case.'" *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018).

If the movant meets this burden, the non-moving party then carries the burden of presenting "specific facts showing that there is a genuine issue for trial." *Shaw*, 884 F.3d at 1098 (citations omitted). To raise a genuine issue, the nonmovant must provide enough evidence that "a reasonable jury could return a verdict for [him/her]." *Id.* Further, "[w]hen considering the record on summary judgment 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Id.* (citations omitted).

## Discussion

This Court grants the Motion for Summary Judgment, Dkt. 55, because Defendant, openly or implicitly, admits to all the elements of a Lanham Act violation. Dkt. 15 and 59; *see, e.g.*, *Maurer Rides USA, Inc. v. Bejing Shibaolai Amusement Equipment Co.*, 2014 WL 3687098 (M.D. Fla. 2014). Section 43(a) of the Lanham Act creates a federal cause of action for unfair competition. "The

section forbids unfair trade practices involving infringement of trade dress, service marks, or trademarks, even in the absence of federal trademark registration." *Univ. of Fla. v. KPB, Inc.*, 89 F.3d 773, 776 (11th Cir. 1996). A defendant is liable for trade dress infringement if the plaintiff can prove that: "1) its trade dress is inherently distinctive or has acquired secondary meaning, 2) its trade dress is primarily non-functional, and 3) the defendant's trade dress is confusingly similar." *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1535 (11th Cir.1986).

KMG alleges that "the total image and trade dress of KMG's amusement rides is inherently distinctive, primarily non-functional and the Defendant's trade dress is confusingly similar[.]" Dkt. 1 at 6. Further, KMG supports these contentions with documentation. Dkt. 55 at 6–7. Defendant nevertheless fails to specifically deny any of KMG's allegations. Dkts. 15 & 59. Rather, Defendant claims "no knowledge" concerning any similarities. Dkt. 55-3 at 2. Accordingly, this Court finds that the trade dress of KMG's amusement ride was inherently distinctive, primarily non-functional, and the Defendants' trade dress is confusingly similar." *Ambrit, Inc.*, 812 F.2d at 1535.

While Defendant attempts to argue the affirmative defense of a license, the alleged oral license agreement made between Plaintiff and Defendant is a non-factor. Even accepting Defendant's factual allegations as true, Defendant acknowledges a licensing agreement for use of the trademark in the United States

4

was never reached. Dkt. 15 at 5; *see also* Dkt. 59 at 4; Dkt. 59-4 at 3. So this cannot be an affirmative defense. Mr. Ferguson also appears in his pro se response to concede agreement, stating he "will not offer or sell [the alleged infringing] Extreme Ride to USA" or display or exhibit same. Dkt. 59 at 6. Since KMG has met its burden and Defendant has failed to raise any cognizable affirmative defenses, the Court grants KMG's Motion for Summary Judgment. Dkt. 55.[2]

### Judgment and Injunction

The Court grants Plaintiff's Motion for Summary Judgment. Dkt. 55. The Court orders that Defendant Ferguson is permanently enjoined from promoting, displaying, selling, or attempting to sell any counterfeit, confusingly similar, or substantially similar versions of KMG's "Freak Out" ride within the United States of America. No bond is necessary given the nature of this case. The Clerk is directed to enter judgment for the Plaintiff as stated here and close this case.

**DONE AND ORDERED** at Tampa, Florida, on July 23, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

---

[2] Defendant can be enjoined from advertising and selling his non-licensed products to foreign buyers at international trade shows in the United States. It follows that as long as the advertising and selling occurs in the United States, the Lanham Act can be applied. See *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995); *Maurer Rides USA, Inc. v. Beijing Shibaolai Amuse. Equip. Co., Ltd.*, 6:10-CV-1718-RL-37, 2014 WL 3687098 at *7 (M.D. Fla. July 24, 2014).